SEYFARTH SHAW LLP
Jennifer R. Brooks (SBN 305219)
jrbrooks@seyfarth.com
2323 Ross Avenue, Suite 1660
Dallas, Texas 75201
Telephone: (469) 608-6730

*Counsel for Defendant*
*Equifax Information Services LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JASON ZIMMERMAN,<br><br>                    Plaintiff,<br><br>          v.<br><br>BANK OF AMERICA, N.A.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC,<br><br>                    Defendants. | Case No. 3:25-cv-10164-VC<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES** |

Defendant EQUIFAX INFORMATION SERVICES LLC ("Equifax") by and through its attorneys hereby submits its Answer to Plaintiff's Complaint and Affirmative and Other Defenses, as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

**COMPLAINT ¶1:**

JASON ZIMMERMAN ("Plaintiffs") brings this action against Defendants BANK OF AMERICA, N.A. ("BOFA"), EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX"); EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"); and TRANS UNION LLC ("TRANS UNION") for their continued reporting of false and misleading information regarding a BOFA account, in violation of various consumer protection statutes, including but not limited to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the California Consumer Credit Reporting Agencies Act, Cal. Civil Code § 1785.1 *et seq.* ("CCRAA"). ZIMMERMAN also brings separate claims against BOFA under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1785.1 *et seq.* ("Rosenthal FDCPA").

**ANSWER:**

Equifax admits that Plaintiff purports to make such allegations.  Equifax denies that it violated the FCRA or any other law, denies it is liable to Plaintiff, and denies any remaining allegations in this paragraph.

**JURISDICTION AND VENUE**

**COMPLAINT ¶2:**

The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1367 and 15 U.S.C. § 1681p.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶3:**

Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2)-(3). Pursuant to L.R. 3-2(c)-(d), this case should be assigned to the San Francisco / Oakland Division of this

326336409v.1

Court because a substantial part of the events or omissions which gave rise to the lawsuit occurred in Contra Costa County.

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

**PARTIES**

**COMPLAINT ¶4:**

Plaintiff **JASON ZIMMERMAN** ("ZIMMERMAN") resides in Danville, California.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶5:**

Defendant **BANK OF AMERICA, N.A.** ("BOFA"), is a national bank with a principal place of business in Charlotte, North Carolina. BOFA is registered to transact business in the State of California, does conduct substantial business in the State of California, and may be served at its designated central location for service of legal process: 330 North Brand Blvd., Suite 700, Glendale, CA 91203.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶6:**

Defendant **EQUIFAX INFORMATION SERVICES, LLC** ("EQUIFAX") is a consumer reporting agency. Defendant EQUIFAX is authorized to do business in the State of California, has substantial contacts in this State, and is headquartered at 1550 Peachtree Street NE, Atlanta, Georgia 30309.

**ANSWER:**

Equifax admits that it is a limited liability company that is registered to do business in the State of California. Equifax further admits that it maintains its principal address at 1550 Peachtree Street NW,

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

326336409v.1

Atlanta, Georgia 30309.  Equifax further admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶7:**

Defendant **EXPERIAN INFORMATION SOLUTIONS, INC.** ("EXPERIAN") is consumer reporting agency. Defendant EXPERIAN is authorized to do business in the State of California, has substantial contacts in this State, and is headquartered at 475 Anton Blvd., Costa Mesa, CA 92626.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶8:**

Defendant **TRANS UNION LLC** ("TRANS UNION") is a consumer reporting agency. Defendant TRANS UNION is authorized to do business in the State of California, has substantial contacts in this State, and is headquartered at 555 West Adams Street, Chicago, IL 60661.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**FACTUAL BACKGROUND**

**COMPLAINT ¶9:**

On or around December 5, 2018, ZIMMERMAN entered into a retail installment contract for the purchase of a 2017 Ford Focus RS, financed through BOFA. According to the retail installment agreement, ZIMMERMAN would pay $407.14 per month for 72 months to complete the purchase.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

326336409v.1

**COMPLAINT ¶10:**

Upon entering the agreement, ZIMMERMAN promptly enrolled in BOFA's AutoPay program in order to have his monthly payments deducted directly from his personal checking account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶11:**

For seventy-one (71) months, BOFA properly initiated the automatic payments for each installment.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶12:**

In or around December 2024, the final installment was due on ZIMMERMAN's installment agreement. However, BOFA failed to process the AutoPay payment for that installment. BOFA provided no communication or notice whatsoever that it did not intend to take or initiate an automatic payment for that last installment.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶13:**

After the December 2024 installment was due, BOFA did not notify ZIMMERMAN that it did not initiate the AutoPay payment for that month, or that his payment was missed, which would have given him the ability to fix the issue promptly.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

326336409v.1

**COMPLAINT ¶14:**

On or around January 18, 2025, BOFA reported ZIMMERMAN as thirty (30) days delinquent on his account to the credit bureaus Equifax, Trans Union, and Experian. BOFA provided no notice whatsoever to ZIMMERMAN that his account was past due or that it was going to report him late to the credit bureaus.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶15:**

On or around February 3, 2025, ZIMMERMAN received a notice from his credit monitoring service that BOFA had marked the account as delinquent.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶16:**

Promptly upon receiving the notice about the delinquent reporting, ZIMMERMAN called BOFA to learn more information. In that phone call, he was told that the AutoPay was not processed in December 2024, so that his 72nd monthly installment remained due and outstanding. ZIMMERMAN orally disputed the reporting, and instructed the agent to immediately take the payment electronically. The agent informed ZIMMERMAN that BOFA would not do anything regarding the delinquent reporting, however, and advised him to file disputes with the credit bureaus.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶17:**

On or around February 5, 2025, BOFA finally deducted the payment for the 72nd installment from ZIMMERMAN's personal checking account.

6

326336409v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶18:**

On or around February 5, 2025, ZIMMERMAN filed disputes with EQUIFAX, TRANS UNION, and EXPERIAN (collectively the "CRAs"), regarding the delinquent reporting. Upon information and belief, the CRAs each forwarded the dispute to BOFA.

a.    On or around February 7, 2025, EXPERIAN responded to ZIMMERMAN that BOFA verified the reported information as accurate and that it would thus continue reporting the derogatory account information.

b.    On or around February 11, 2025, TRANS UNION responded to ZIMMERMAN that it had investigated the matter and updated its reporting, but it nonetheless continued to report the derogatory information.

c.    On or around February 25, 2025, EQUIFAX responded to ZIMMERMAN that BOFA verified the reported information as accurate and that it would thus continue reporting the derogatory account information.

d.    BOFA did not respond to this dispute to ZIMMERMAN directly.

**ANSWER:**

Equifax denies reporting inaccurate information.  Equifax admits that on February 25, 2025, it responded to Plaintiff's dispute concerning the BOFA account, the contents of which speaks for itself. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶19:**

Upon information and belief, none of the CRAs conducted any reasonable reinvestigation into ZIMMERMAN's February 2025 disputes, and instead just parroted the information provided by BOFA.

**ANSWER:**

Equifax denies the allegations in this paragraph.

7

326336409v.1

**COMPLAINT ¶20:**

On or around February 27, 2025, ZIMMERMAN called BOFA again to dispute the derogatory reporting. The BOFA agent informed ZIMMERMAN that the "dispute process is still showing as open" in the BOFA system, and advised him to wait for additional information to be provided by BOFA when it closes the dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶21:**

By May 7, 2025, ZIMMERMAN had still not heard anything from BOFA regarding his dispute. On or around that day, he called. BOFA again to confirm the status of his dispute. The agent informed him that the dispute was closed on March 5, 2025, even though no notice of this result was ever provided by BOFA to ZIMMERMAN.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶22:**

On or around July 31, 2025, ZIMMERMAN submitted disputes via certified mail to BOFA directly, as well as to each of the three CRAs. In these disputes, he included an explanation of BOFA's failure to initiate the AutoPay payment pursuant to the plan in which he was enrolled. He also attached proof of AutoPay enrollment and proof that he had money in his personal checking account when the AutoPay installment should have been initiated.

    a.    On or around August 11, 2025, EQUIFAX responded to ZIMMERMAN that BOFA verified the reported information as accurate and that it would thus continue reporting the derogatory account information.

326336409v.1

b.    On or around August 12, 2025, EXPERIAN responded to ZIMMERMAN that BOFA verified the reported information as accurate and that it would thus continue reporting the derogatory account information.

c.    On or around August 13, 2025, TRANS UNION responded to ZIMMERMAN that it had investigated the matter and updated its reporting, but it nonetheless continued to report the derogatory information.

d.    Again, BOFA did not respond to this dispute to ZIMMERMAN directly.

**ANSWER:**

Equifax denies reporting inaccurate information.  Equifax admits that on August 11, 2025, it responded to Plaintiff's dispute concerning the BOFA account, the contents of which speaks for itself. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶23:**

To this day, BOFA has never responded to ZIMMERMAN directly regarding any  of his disputes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶24:**

Defendants' conduct has caused substantial harm to Plaintiff, including but not limited to damage to reputation, reduced creditworthiness, invasion of privacy, mental anguish and emotional distress.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

326336409v.1

## FIRST CAUSE OF ACTION

### (Fair Credit Reporting Act against all Defendants)

**COMPLAINT ¶25:**

Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶26:**

Plaintiff ZIMMERMAN is a "consumer" as defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶27:**

BOFA is a "person" as defined by 15 U.S.C. § 1681a(b).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶28:**

EQUIFAX is a "person," as that term is defined by .15 U.S.C. § 1681a(b), and a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

326336409v.1

**COMPLAINT ¶29:**

EXPERIAN is a "person," as that term is defined by 15 U.S.C. § 1681a(b), and a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶30:**

TRANS UNION is a "person," as that term is defined by 15 U.S.C. § 1681a(b), and a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶31:**

The above-referenced credit reports are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶32:**

The FCRA requires the recipient of "a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency" to "conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

11

**COMPLAINT ¶33:**

The FCRA states that "if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after" any investigation of the dispute information, the person must modify, delete, or permanently block the reporting of that item of information. 15 U.S.C. § 1681s-2(b)(1)(E).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶34:**

As alleged above, Plaintiff disputed one or more items of information furnished by BOFA to the CRAs.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶35:**

As alleged above, one or more of the CRAs contacted BOFA regarding Plaintiff's disputes.

**ANSWER:**

Equifax admits that on February 25, 2025 and again on August 11, 2025, it responded to Plaintiff's dispute concerning the BOFA account, the contents of which speaks for itself. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶36:**

BOFA failed to conduct an investigation in response to Plaintiff's disputes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

326336409v.1

**COMPLAINT ¶37:**

As alleged above, BOFA verified the information it was furnishing to the consumer reporting agencies, despite the fact that it was misleading, incomplete, and/or inaccurate.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶38:**

EQUIFAX, EXPERIAN, and TRANS UNION each failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the consumer reports they prepared regarding. Plaintiff

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶39:**

EQUIFAX, EXPERIAN, and TRANS UNION each failed to comply with the procedures in 15 U.S.C. § 1681i in regard to Plaintiff's disputes.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶40:**

Defendants' conduct amounts to one or more negligent and/or willful violation of the FCRA.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶41:**

Pursuant to 15 U.S.C. §§ 1681n and o, Defendants are each liable to Plaintiff for actual damages, punitive damages, attorney's fees, costs, as well as such further relief as may be permitted by law.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

13

326336409v.1

## SECOND CAUSE OF ACTION

### (Consumer Credit Reporting Agencies Act against all Defendants)

**COMPLAINT ¶42:**

Plaintiffs repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶43:**

Plaintiff ZIMMERMAN is a "consumer" as defined by Cal. Civil Code section 1785.3(b).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶44:**

BOFA is a "person" as defined by Cal. Civil Code section 1785.3(j).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶45:**

EQUIFAX is a "person," as that term is defined by Cal. Civ. Code § 1785.3(j), and a "consumer credit reporting agency;" as that term is defined by Cal. Civ. Code § 1785.3(d).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

326336409v.1

**COMPLAINT ¶46:**

EXPERIAN is a "person," as that term is defined by Cal. Civ. Code § 1785.3(j), and a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶47:**

TRANS UNION is a "person," as that term is defined by Cal. Civ. Code § 1785.3(j), and a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d)

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶48:**

The above-referenced reports are "consumer credit reports" within the meaning of Cal. Civ. Code § 1785.3(c).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶49:**

BOFA violated Cal. Civil Code section 1785.25(a) by furnishing information on a specific transaction or experience to multiple consumer reporting agencies even though it knew or should have known the information was incomplete or inaccurate.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

15

326336409v.1

**COMPLAINT ¶50:**

BOFA continued to furnish information to consumer reporting agencies that it knew or should have known was incomplete or inaccurate when it verified its reporting to those consumer reporting agencies in response to Plaintiff's disputes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶51:**

EQUIFAX, EXPERIAN, and TRANS UNION each failed to follow reasonable procedures to assure maximum possible accuracy of the information in the credit reports they prepared regarding Plaintiff, in violation of Cal. Civ. Code § 1785.14(b).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶52:**

EQUIFAX, EXPERIAN, and TRANS UNION each failed to comply with the procedures in Cal. Civ. Code § 1785.16 in response to Plaintiff's disputes.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶53:**

Defendants' violations of the CCRAA were negligence and/or willful.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶54:**

Pursuant to Cal. Civ. Code § 1785.31, each Defendant is liable to Plaintiff for (1) actual damages, including court costs, loss of wages, attorneys' fees and pain and suffering; (2) punitive damages of not less than $100 nor more than $5,000 for each violation; (3) injunctive relief; (4) court costs and attorneys' fees; and (5) any other relief that the Court deems proper.

16

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**THIRD CAUSE OF ACTION**

**(Electronic Funds Transfer Act against BOFA)**

**COMPLAINT ¶55:**

Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶56:**

Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1693a(6).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶57:**

Plaintiff's payments to BOFA were ACH transactions and were therefore "electronic funds transfers" as that tern is defined by 15 U.S.C. § 1693a(7).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶58:**

Plaintiff's enrollment in the AutoPay program was a "preauthorized electronic fund transfer" as that term is defined by 15 U.S.C. § 1693a(10), as it involved transfers authorized in advance at substantially regular intervals.

326336409v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶59:**

Prior to any preauthorized transfer that may vary in amount, BOFA was required to provide reasonable advance notice to Plaintiff, of the variance in accordance with 15 U.S. Code § 1693e(b). However, in violation of that provision, BOFA failed to provide notice to Plaintiff that his 72nd installment would be reduced to $0, which would have enabled him to make alternative payment arrangements.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶60:**

To the extent a system malfunction at BOFA prevented the effectuation of the 72nd installment payment, then Plaintiff's obligation to BOFA was legally suspended until he made such payment, under the terms of 15 U.S.C. § 1693j.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶61:**

As a result of BOFA's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney's fees, pursuant to 15 U.S.C. § 1693m.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

326336409v.1

## FOURTIH CAUSE OF ACTION

### (Rosenthal Fair Debt Collection Practices Act against BOFA)

**COMPLAINT ¶62:**

Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶63:**

Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h)

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶64:**

BOFA is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶65:**

The financial obligation alleged to be owed BOFA is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶66:**

BOFA's acts have violated the RFDCPA. These violations include, but are not limited to, the following:

326336409v.1

a.    BOFA has engaged in conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692d);

b.    BOFA has used false, deceptive, or misleading representations or means in collecting a debt, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692e);

c.    BOFA has falsely represented the character, amount, or legal status of a debt, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692e(2)(A));

d.    BOFA has used a false or deceptive means to collect or attempt to collect a debt, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692e(10)); and

e.    BOFA has engaged in unfair or unconscionable means to collect a debt, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 16921).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶67:**

BOFA's acts as described above were done willfully and knowingly, within the meaning of Cal. Civil Code § 1788.30(b).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶68:**

As a result of BOFA's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney's fees, pursuant to Cal. Civil Code § 1788.30.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**WHEREFORE**, Plaintiff, JASON ZIMMERMAN, requests that this Court:

20

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

326336409v.1

(a)    Award actual and statutory damages;

(b)    Award punitive and exemplary damages;

(c)    Award attorney's fees, litigation expenses, and court costs; and

(d)    Grant Plaintiff such other and further relief as is just and proper under the circumstances.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of each and every cause of action so triable.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against Equifax.  Equifax is neither incorporated nor headquartered in California, and the conduct giving rise to Plaintiff's claims against Equifax occurred outside of California and was not targeted at California.  Equifax is not a consumer reporting agency, did not and does not maintain a credit file on Plaintiff, and did not take any action regarding Plaintiff's credit file.

## SECOND DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit report(s).

## THIRD DEFENSE

Plaintiff's claim fails in whole or in part to state a claim against Equifax upon which relief can be granted.

326336409v.1

**FOURTH DEFENSE**

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action;

(3)    it recover such other and additional relief as the Court deems just and appropriate.

DATED: June 9, 2026                          Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ Jennifer R. Brooks*
Jennifer R. Brooks
*Counsel for Defendant*
*Equifax Information Services LLC*

22

326336409v.1

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2026, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

        /s/ Jennifer R. Brooks
        Jennifer R. Brooks
        *Counsel for Defendant*
        *Equifax Information Services LLC*

CERTIFICATE OF SERVICE

326336409v.1