Jennifer M. Phelps, Esq. (SBN: 210746)
**Quilling, Selander, Lownds, Winslett & Moser, P.C.**
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 613
Email:  jennifer.phelps@qslwm.com

Attorneys for Defendant
TRANS UNION LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| JASON ZIMMERMAN, | CASE NO. 3:25-cv-10164-TSH |
| Plaintiff, | **TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES** |
| vs. | |
| BANK OF AMERICA, N.C.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC; | |
| Defendants. | |

Trans Union LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

1.      JASON ZIMMERMAN ("Plaintiffs") brings this action against Defendants BANK OF AMERICA, N.A. ("BOFA"), EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX"); EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"); and TRANS UNION LLC ("TRANS UNION") for their continued reporting of false and

misleading information regarding a BOFA account, in violation of various consumer protection statutes, including but not limited to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), and the California Consumer Credit Reporting Agencies Act, Cal. Civil Code § 1785.1 *et seq*. ("CCRAA"). ZIMMERMAN also brings separate claims against BOFA under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*. ("EFTA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1785.1 *et seq*. ("Rosenthal FDCPA").

**ANSWER**:    Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## JURISDICTION AND VENUE

2.    The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1367 and 15 U.S.C. § 1681p.

**ANSWER**:    Trans Union admits the allegations contained in this paragraph.

3.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2)-(3). Pursuant to L.R. 3-2(c)-(d), this case should be assigned to the San Francisco / Oakland Division of this Court because a substantial part of the events or omissions which gave rise to the lawsuit occurred in Contra Costa County.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under

TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES

Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## **PARTIES**

4.      Plaintiff **JASON ZIMMERMAN** ("ZIMMERMAN") resides in Danville, California.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

5.      Defendant **BANK OF AMERICA, N.A.** ("BOFA"), is a national bank with a principal place of business in Charlotte, North Carolina. BOFA is registered to transact business in the State of California, does conduct substantial business in the State of California, and may be served at its designated central location for service of legal process: 330 North Brand Blvd., Suite 700, Glendale, CA 91203.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

6.      Defendant **EQUIFAX INFORMATION SERVICES, LLC** ("EQUIFAX") is a consumer reporting agency. Defendant EQUIFAX is authorized to do business in the State of California, has substantial contacts in this State, and is headquartered at 1550 Peachtree Street NE, Atlanta, Georgia 30309.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

7.    Defendant **EXPERIAN INFORMATION SOLUTIONS, INC.** ("EXPERIAN") is consumer reporting agency. Defendant EXPERIAN is authorized to do business in the State of California, has substantial contacts in this State, and is headquartered at 475 Anton Blvd., Costa Mesa, CA 92626.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

8.    Defendant **TRANS UNION LLC** ("TRANS UNION") is a consumer reporting agency. Defendant TRANS UNION is authorized to do business in the State of California, has substantial contacts in this State, and is headquartered at 555 West Adams Street, Chicago, IL 60661.

**ANSWER**:   Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

## FACTUAL BACKGROUND

9.    On or around December 5, 2018, ZIMMERMAN entered into a retail installment contract for the purchase of a 2017 Ford Focus RS, financed through BOFA. According to the retail installment agreement, ZIMMERMAN would pay $407.14 per month for 72 months to complete the purchase.

**TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES**

4

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10.     Upon entering the agreement, ZIMMERMAN promptly enrolled in BOFA's AutoPay program in order to have his monthly payments deducted directly from his personal checking account.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11.     For seventy-one (71) months, BOFA properly initiated the automatic payments for each installment.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12.     In or around December 2024, the final installment was due on ZIMMERMAN's installment agreement. However, BOFA failed to process the AutoPay payment for that installment. BOFA provided no communication or notice whatsoever that it did not intend to take or initiate an automatic payment for that last installment.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

**TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES**

13.     After the December 2024 installment was due, BOFA did not notify ZIMMERMAN that it did not initiate the AutoPay payment for that month, or that his payment was missed, which would have given him the ability to fix the issue promptly.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14.     On or around January 18, 2025, BOFA reported ZIMMERMAN as thirty (30) days delinquent on his account to the credit bureaus Equifax, Trans Union, and Experian. BOFA provided no notice whatsoever to ZIMMERMAN that his account was past due or that it was going to report him late to the credit bureaus.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

15.     On or around February 3, 2025, ZIMMERMAN received a notice from his credit monitoring service that BOFA had marked the account as delinquent.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16.     Promptly upon receiving the notice about the delinquent reporting, ZIMMERMAN called BOFA to learn more information. In that phone call, he was told that

the AutoPay was not processed in December 2024, so that his 72nd monthly installment remained due and outstanding. ZIMMERMAN orally disputed the reporting, and instructed the agent to immediately take the payment electronically. The agent informed ZIMMERMAN that BOFA would not do anything regarding the delinquent reporting, however, and advised him to file disputes with the credit bureaus.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17.    On or around February 5, 2025, BOFA finally deducted the payment for the 72nd installment from ZIMMERMAN's personal checking account.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18.    On or around February 5, 2025, ZIMMERMAN filed disputes with EQUIFAX, TRANS UNION, and EXPERIAN (collectively the "CRAs"), regarding the delinquent reporting. Upon information and belief, the CRAs each forwarded the dispute to BOFA.

a. On or around February 7, 2025, EXPERIAN responded to ZIMMERMAN that BOFA verified the reported information as accurate and that it would thus continue reporting the derogatory account information.

**TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES**

b. On or around February 11, 2025, TRANS UNION responded to ZIMMERMAN that it had investigated the matter and updated its reporting, but it nonetheless continued to report the derogatory information.

c. On or around February 25, 2025, EQUIFAX responded to ZIMMERMAN that BOFA verified the reported information as accurate and that it would thus continue reporting the derogatory account information.

d. BOFA did not respond to this dispute to ZIMMERMAN directly.

**ANSWER**:   Trans Union admits that on or about February 5, 2025, it received an online correspondence from Plaintiff requesting a reinvestigation of the subject Bank of America account, and that the results of Trans Union's reinvestigation were sent to Plaintiff on or about February 11, 2025.  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

19.    Upon information and belief, none of the CRAs conducted any reasonable reinvestigation into ZIMMERMAN's February 2025 disputes, and instead just parroted the information provided by BOFA.

**ANSWER**:   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against

it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

20.    On or around February 27, 2025, ZIMMERMAN called BOFA again to dispute the derogatory reporting. The BOFA agent informed ZIMMERMAN that the "dispute process is still showing as open" in the BOFA system, and advised him to wait for additional information to be provided by BOFA when it closes the dispute.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21.    By May 7, 2025, ZIMMERMAN had still not heard anything from BOFA regarding his dispute. On or around that day, he called BOFA again to confirm the status of his dispute. The agent informed him that the dispute was closed on March 5, 2025, even though no notice of this result was ever provided by BOFA to ZIMMERMAN.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22.    On or around July 31, 2025, ZIMMERMAN submitted disputes via certified mail to BOFA directly, as well as to each of the three CRAs. In these disputes, he included an explanation of BOFA's failure to initiate the AutoPay payment pursuant to the plan in which he was enrolled. He also attached proof of AutoPay enrollment and proof that he had money in his personal checking account when the AutoPay installment should have been initiated.

a. On or around August 11, 2025, EQUIFAX responded to ZIMMERMAN that BOFA verified the reported information as accurate and that it would thus continue reporting the derogatory account information.

b. On or around August 12, 2025, EXPERIAN responded to ZIMMERMAN that BOFA verified the reported information as accurate and that it would thus continue reporting the derogatory account information.

c. On or around August 13, 2025, TRANS UNION responded to ZIMMERMAN that it had investigated the matter and updated its reporting, but it nonetheless continued to report the derogatory information.

d. Again, BOFA did not respond to this dispute to ZIMMERMAN directly.

**ANSWER**:  Trans Union admits that on or about August 6, 2025, it received correspondence from Plaintiff requesting a reinvestigation of the subject Bank of America account, and that the results of Trans Union's reinvestigation were sent to Plaintiff on or about August 13, 2025.  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

23. To this day, BOFA has never responded to ZIMMERMAN directly regarding any of his disputes.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES

10

24.     Defendants' conduct has caused substantial harm to Plaintiff, including but not limited to damage to reputation, reduced creditworthiness, invasion of privacy, mental anguish and emotional distress.

**ANSWER**:   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## FIRST CAUSE OF ACTION

(Fair Credit Reporting Act against all Defendants)

25.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER**:   Trans Union reasserts its answers and responses set forth herein.

26.     Plaintiff ZIMMERMAN is a "consumer" as defined by 15 U.S.C. § 1681a(c).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

27.     BOFA is a "person" as defined by 15 U.S.C. § 1681a(b).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

28.     EQUIFAX is a "person," as that term is defined by 15 U.S.C. § 1681a(b), and a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

29.    EXPERIAN is a "person," as that term is defined by 15 U.S.C. § 1681a(b), and a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

30.    TRANS UNION is a "person," as that term is defined by 15 U.S.C. § 1681a(b), and a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**ANSWER**:   Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

31.    The above-referenced credit reports are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

32.    The FCRA requires the recipient of "a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency" to "conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

**ANSWER**:   Trans Union states that the cited provision of the FCRA speaks for itself.  To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated.

**TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES**

33.    The FCRA states that "if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after" any investigation of the dispute information, the person must modify, delete, or permanently block the reporting of that item of information. 15 U.S.C. § 1681s-2(b)(1)(E).

**ANSWER**:    Trans Union states that the cited provision of the FCRA speaks for itself.  To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated.

34.    As alleged above, Plaintiff disputed one or more items of information furnished by BOFA to the CRAs.

**ANSWER**:    Trans Union admits these allegations as they apply to Trans Union. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

35.    As alleged above, one or more of the CRAs contacted BOFA regarding Plaintiff's disputes.

**ANSWER**:    Trans Union admits these allegations as they apply to Trans Union. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

36.    BOFA failed to conduct an investigation in response to Plaintiff's disputes.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37. As alleged above, BOFA verified the information it was furnishing to the consumer reporting agencies, despite the fact that it was misleading, incomplete, and/or inaccurate.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

38. EQUIFAX, EXPERIAN, and TRANS UNION each failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the consumer reports they prepared regarding Plaintiff.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

39. EQUIFAX, EXPERIAN, and TRANS UNION each failed to comply with the procedures in 15 U.S.C. § 1681i in regard to Plaintiff's disputes.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES**

40.    Defendants' conduct amounts to one or more negligent and/or willful violation of the FCRA.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

41.    Pursuant to 15 U.S.C. §§ 1681n and o, Defendants are each liable to Plaintiff for actual damages, punitive damages, attorney's fees, costs, as well as such further relief as may be permitted by law.

**ANSWER**:    Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union.

### SECOND CAUSE OF ACTION

(Consumer Credit Reporting Agencies Act against all Defendants)

42.    Plaintiffs repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

43.    Plaintiff ZIMMERMAN is a "consumer" as defined by Cal. Civil Code section 1785.3(b).

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

44.    BOFA is a "person" as defined by Cal. Civil Code section 1785.3(j).

TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES

15

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

45.    EQUIFAX is a "person," as that term is defined by Cal. Civ. Code § 1785.3(j), and a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

46.    EXPERIAN is a "person," as that term is defined by Cal. Civ. Code § 1785.3(j), and a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

47.    TRANS UNION is a "person," as that term is defined by Cal. Civ. Code § 1785.3(j), and a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d)

**ANSWER**:   Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

48.    The above-referenced reports are "consumer credit reports" within the meaning of Cal. Civ. Code § 1785.3(c).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

49.      BOFA violated Cal. Civil Code section 1785.25(a) by furnishing information on a specific transaction or experience to multiple consumer reporting agencies even though it knew or should have known the information was incomplete or inaccurate.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

50.      BOFA continued to furnish information to consumer reporting agencies that it knew or should have known was incomplete or inaccurate when it verified its reporting to those consumer reporting agencies in response to Plaintiff's disputes.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

51.      EQUIFAX, EXPERIAN, and TRANS UNION each failed to follow reasonable procedures to assure maximum possible accuracy of the information in the credit reports they prepared regarding Plaintiff, in violation of Cal. Civ. Code § 1785.14(b).

**ANSWER**:   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

52.    EQUIFAX, EXPERIAN, and TRANS UNION each failed to comply with the procedures in Cal. Civ. Code § 1785.16 in response to Plaintiff's disputes.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

53.    Defendants' violations of the CCRAA were negligence and/or willful.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

54.    Pursuant to Cal. Civ. Code § 1785.31, each Defendant is liable to Plaintiff for (1) actual damages, including court costs, loss of wages, attorneys' fees and pain and suffering; (2) punitive damages of not less than $100 nor more than $5,000 for each violation; (3) injunctive relief; (4) court costs and attorneys' fees; and (5) any other relief that the Court deems proper.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against

it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## THIRD CAUSE OF ACTION

(Electronic Funds Transfer Act against BOFA)

55.    Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

56.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1693a(6).

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

57.    Plaintiff's payments to BOFA were ACH transactions and were therefore "electronic funds transfers" as that term is defined by 15 U.S.C. § 1693a(7).

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

58.    Plaintiff's enrollment in the AutoPay program was a "preauthorized electronic fund transfer" as that term is defined by 15 U.S.C. § 1693a(10), as it involved transfers authorized in advance at substantially regular intervals.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

59.    Prior to any preauthorized transfer that may vary in amount, BOFA was required to provide reasonable advance notice to Plaintiff, of the variance in accordance with 15 U.S. Code § 1693e(b). However, in violation of that provision, BOFA failed to

provide notice to Plaintiff that his 72nd installment would be reduced to $0, which would have enabled him to make alternative payment arrangements.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

60.     To the extent a system malfunction at BOFA prevented the effectuation of the 72nd installment payment, then Plaintiff's obligation to BOFA was legally suspended until he made such payment, under the terms of 15 U.S.C. § 1693j.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

61.     As a result of BOFA's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney's fees, pursuant to 15 U.S.C. § 1693m.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## FOURTH CAUSE OF ACTION

(Rosenthal Fair Debt Collection Practices Act against BOFA)

62.    Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

63.    Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

64.    BOFA is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

65.    The financial obligation alleged to be owed BOFA is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

66.    BOFA's acts have violated the RFDCPA. These violations include, but are not limited to, the following:

   a. BOFA has engaged in conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a

debt, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692d);

b. BOFA has used false, deceptive, or misleading representations or means in collecting a debt, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692e);

c. BOFA has falsely represented the character, amount, or legal status of a debt, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692e(2)(A));

d. BOFA has used a false or deceptive means to collect or attempt to collect a debt, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692e(10)); and

e. BOFA has engaged in unfair or unconscionable means to collect a debt, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692f).

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

67.    BOFA's acts as described above were done willfully and knowingly, within the meaning of Cal. Civil Code § 1788.30(b).

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against

it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

68.     As a result of BOFA's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney's fees, pursuant to Cal. Civil Code § 1788.30.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

## DEFENSES

1.     Trans Union's reports concerning Plaintiff were true or substantially true.

2.     Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

3.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4.     Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

5.     Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

6.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

**TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES**

7.    Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

8.    Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

9.    Plaintiff's state law and common law claims are pre-empted, in whole or in part, by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

WHEREFORE, Defendant Trans Union LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**

Date:  June 9, 2026

*/s/ Jennifer M. Phelps*
Jennifer M. Phelps
Attorneys for Defendant
TRANS UNION LLC

**TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES**

24

**PROOF OF SERVICE**

I, Jennifer M. Phelps, declare that I am a resident of the State of Indiana, am over the age of eighteen years and am not a party to the within action.  I am employed with Quilling, Selander, Lownds, Winslett & Moser, P.C. whose address is 10333 North Meridian Street, Suite 200, Indianapolis, IN 46290  On June 9, 2026, I served the following documents:  **Trans Union LLC's Answer To Plaintiff's Complaint And Defenses**

I served the documents on the persons listed below, as follows:

| | |
|---|---|
| [  ] | **By messenger service**.  I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service.  (A declaration by the messenger is attached hereto as a separate document.) |
| | |
| [  ] | **By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices.  I am readily familiar with my firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Indianapolis, IN. |
| [ X ] | **By CM/ECF Notice of Electronic Filing**: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court. |

All documents were sent to the following persons in the following manner:

Erika Heath, Esq.                              Adam F. Summerfield, Esq.
erika@heathlegal.com                    adam@saltlawgroup.com

TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES

Deleyla A. Lawrence, Esq.          Salwa S. Kamal, Esq.
dlawrence@mcguirewoods.com         skamal@mcguirewoods.com

Christian T. Hochhausler, Esq.     Thomas P. Quinn, Jr., Esq.
chochhausler@mcguirewoods.com      tquinn@nokesquinn.com

Nicholas J. Rawls, Esq.            Jennifer R. Brooks, Esq.
nrawls@jonesday.com                jrbrooks@seyfarth.com

I declare under penalty of perjury under the laws of the States of Indiana and California that the foregoing is true and correct, and that this Proof of Service was executed on this 9th day of June, 2026, at Indianapolis, IN.

*/s/ Jennifer M. Phelps*
Jennifer M. Phelps