JONES DAY
Nicholas J. Rawls, Bar No. 349996
nrawls@jonesday.com
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071.2452
Telephone:  +1.213.489.3939
Facsimile:   +1.213.243.2539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS,
INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JASON ZIMMERMAN,** | **Case No. 3:25-cv-10164** |
| **Plaintiff,** | Hon. Judge Vince Chhabria |
| v. | **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO COMPLAINT** |
| **BANK OF AMERICA, N.A.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC,** | Complaint Filed:   November 24, 2025 |
| **Defendants.** | |

Experian Information Solutions, Inc. ("Experian"), by and through its counsel, hereby answers Plaintiff Jason Zimmerman's ("Plaintiff") Complaint ("Complaint") as follows:

### INTRODUCTION

1.      In response to paragraph 1 of the Complaint, Experian admits only that Plaintiff has asserted claims pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*; and the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1, *et seq*.  Except as expressly admitted, Experian denies the remaining allegations in paragraph 1.

### JURISDICTION AND VENUE

2.      In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 15 U.S.C. §§ 1681p.  Experian states that this is a legal conclusion which is not subject to denial or admission.

3.      In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged that venue is proper pursuant to 28 U.S.C. § 1391.  Experian states that whether venue is proper is a legal conclusion which is not subject to denial or admission.  In response to the remaining allegations in paragraph 3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### PARTIES

4.      In response to paragraph 4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.      In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations

EXPERIAN'S ANSWER TO COMPLAINT
USDC Case No. 3:25-cv-10164

contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6.    In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7.    In response to paragraph 7 of the Complaint, Experian admits it is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d). Experian further admits that it is an Ohio corporation with its principal place of business located in Costa Mesa, California.  Experian further admits that it is qualified to do business and conducts business in the State of California.  Experian states that the remaining allegations in paragraph 7 are legal conclusions which are not subject to denial or admission.

8.    In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### FACTUAL ALLEGATIONS

9.    In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.    In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.    In response to paragraph 11 of the Complaint, Experian is without

- 3 -

EXPERIAN'S ANSWER TO COMPLAINT
USDC Case No. 3:25-cv-10164

knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.    In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.    In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.    In response to paragraph 14 of the Complaint, Experian admits it received information from Bank of America in or about January 2025 regarding the status of Plaintiff's payments.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15.    In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16.    In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17.    In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every

allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian admits that it received correspondence purportedly from Plaintiff on or about February 2025. Experian further admits that it informed Plaintiff that Bank of America had verified the accuracy of its reporting on or about February 7, 2025. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian denies each and every allegation as it relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22. In response to paragraph 22 of the Complaint, Experian admits that it received correspondence purportedly from Plaintiff on or about August 2025. Experian further admits that it informed Plaintiff that Bank of America had verified the accuracy of its reporting on or about August 12, 2025. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

EXPERIAN'S ANSWER TO COMPLAINT
USDC Case No. 3:25-cv-10164

23. In response to paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24. In response to paragraph 24 of the Complaint, Experian denies each and every allegation as it relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

25. Experian incorporates its responses to paragraphs 1 through 24 as if fully set forth herein.

26. In response to paragraph 26 of the Complaint, Experian admits that Plaintiff qualifies as a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

27. In response to paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29. In response to paragraph 29 of the Complaint, Experian admits it is a "person" as that term is defined in 15 U.S.C. § 1681a(b) and that it is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

30. In response to paragraph 30 of the Complaint, Experian is without

EXPERIAN'S ANSWER TO COMPLAINT
USDC Case No. 3:25-cv-10164

knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31.    In response to paragraph 31 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

32.    In response to paragraph 32 of the Complaint, Experian admits that Plaintiff purports to quote and characterize the FCRA.  Experian states that the FCRA speaks for itself and denies any allegations in paragraph 32 that are inconsistent therewith.

33.    In response to paragraph 33 of the Complaint, Experian admits that Plaintiff purports to quote and characterize the FCRA.  Experian states that the FCRA speaks for itself and denies any allegations in paragraph 33 that are inconsistent therewith.

34.    In response to paragraph 34 of the Complaint, Experian admits that it received dispute correspondence purportedly from the Plaintiff.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35.    In response to paragraph 35 of the Complaint, Experian admits that it contacted Bank of America regarding dispute correspondence purportedly from the Plaintiff.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36.    In response to paragraph 36 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37.    In response to paragraph 37 of the Complaint, Experian is without

EXPERIAN'S ANSWER TO COMPLAINT
USDC Case No. 3:25-cv-10164

knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38.    In response to paragraph 38 of the Complaint, Experian denies each and every allegation as it relates to Experian.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39.    In response to paragraph 39 of the Complaint, Experian denies each and every allegation as it relates to Experian.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

40.    In response to paragraph 40 of the Complaint, Experian denies each and every allegation as it relates to Experian.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41.    In response to paragraph 41 of the Complaint, Experian denies each and every allegation as it relates to Experian.  Experian further denies that it is liable to Plaintiff for any damages.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## SECOND CAUSE OF ACTION

**VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

42.    Experian incorporates its responses to paragraphs 1 through 41 as if

fully set forth herein.

43. In response to paragraph 43 of the Complaint, Experian admits that Plaintiff qualifies as a "consumer" as that term is defined by Cal. Civil Code section 1785.3(b).

44. In response to paragraph 44 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

45. In response to paragraph 45 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

46. In response to paragraph 46 of the Complaint, Experian admits it is a "person" as defined by Cal. Civ. Code section 1785(j) and that it is a "consumer credit reporting agency" as defined by Cal. Civ. Code section 1785.3(d).

47. In response to paragraph 47 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

48. In response to paragraph 48 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

49. In response to paragraph 49 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

50. In response to paragraph 50 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every

EXPERIAN'S ANSWER TO COMPLAINT
USDC Case No. 3:25-cv-10164

allegation contained therein.

51. In response to paragraph 51 of the Complaint, Experian denies each and every allegation as it relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

52. In response to paragraph 52 of the Complaint, Experian denies each and every allegation as it relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

53. In response to paragraph 53 of the Complaint, Experian denies each and every allegation as it relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

54. In response to paragraph 54 of the Complaint, Experian denies each and every allegation as it relates to Experian. Experian further denies that it is liable to Plaintiff for any damages. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## THIRD CAUSE OF ACTION

### ELECTRONIC FUNDS TRANSFER ACT

55. Experian incorporates its responses to paragraphs 1 through 54 as if fully set forth herein.

56. In response to paragraph 56 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

EXPERIAN'S ANSWER TO COMPLAINT
USDC Case No. 3:25-cv-10164

57.    In response to paragraph 57 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

58.    In response to paragraph 58 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

59.    In response to paragraph 59 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

60.    In response to paragraph 60 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

61.    In response to paragraph 61 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AGAINST BOFA

62.    Experian incorporates its responses to paragraphs 1 through 61 as if fully set forth herein.

63.    In response to paragraph 63 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

- 11 -

64. In response to paragraph 64 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

65. In response to paragraph 65 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

66. In response to paragraph 66 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

67. In response to paragraph 67 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

68. In response to paragraph 68 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**PRAYER FOR RELIEF**

Experian admits that Plaintiff has demanded trial by jury on all issues triable.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit [and attorneys' fees] herein incurred; and

(3) For such other and further relief as the Court may deem just and

EXPERIAN'S ANSWER TO COMPLAINT
USDC Case No. 3:25-cv-10164

proper.

**AFFIRMATIVE DEFENSES**

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

FIRST AFFIRMATIVE DEFENSE

(STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p and Cal. Civ. Code section 1785.33.

SECOND AFFIRMATIVE DEFENSE

(TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

THIRD AFFIRMATIVE DEFENSE

(FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

FOURTH AFFIRMATIVE DEFENSE

(LACHES)

The Complaint and each claim for relief therein are barred by laches.

FIFTH AFFIRMATIVE DEFENSE

(CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or

third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SIXTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## NINTH AFFIRMATIVE DEFENSE

### (ARBITRATION)

Experian alleges on information and belief that Plaintiff's claims are the subject of an arbitration agreement between Plaintiff and Experian.

EXPERIAN'S ANSWER TO COMPLAINT
USDC Case No. 3:25-cv-10164

Dated:        June 9, 2026                    JONES DAY


By:        */s/ Nicholas J. Rawls*
              Nicholas J. Rawls

Attorneys for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

EXPERIAN'S ANSWER TO COMPLAINT
USDC Case No. 3:25-cv-10164